UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JUSTIN SORENSON,<br><br>Plaintiff,<br><br>v.<br><br>DUSTIN HALL, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER PERMITTING AMENDED COMPLAINT AND TEMPORARILY GRANTING MOTION TO WAIVE FILING FEE (DOC. NO. 2)**<br><br>Case No. 2:26-cv-00315<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Justin Sorenson's claims of constitutional rights violations are largely unintelligible. He references an inheritance, kidnapping, and murder—all without identifying which defendants took what actions.[1] Because Mr. Sorenson does not state a plausible claim for relief, he may file an amended complaint, if he chooses, by **November 11, 2026**. The court previously granted Mr. Sorenson's motion to waive the filing fee,[2] and does so again, pending screening of the amended complaint, if any is filed.

[1] (*See* Compl. for Violation of Civil Rights (Compl.), Doc. No. 1.)

[2] (*See* Order Temp. Granting Mot. to Waive Filing Fee and Notice of Screening Under 28 U.S.C. § 1915, Doc. No. 6; Mot. to Waive Filing Fee, Doc. No. 2.)

## LEGAL STANDARDS

Mr. Sorenson filed this case without an attorney and without paying the filing fee.[3] When a court lets a party file a case without paying a filing fee, it must dismiss the case if the complaint "fails to state a claim on which relief may be granted."[4] To decide this, the court uses the standard applied to motions to dismiss under Rule 12(b)(6).[5] To survive dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[6] Courts accept well-pleaded factual allegations as true, viewing them and drawing reasonable inferences in the plaintiff's favor.[7] But courts do not accept plaintiffs' conclusory allegations as true.[8] "Threadbare recitals" are insufficient.[9] And "a plaintiff must offer specific factual allegations to support each claim."[10]

---

[3] (*See* Compl., Doc. No. 1; Mot. to Waive Filing Fee, Doc. No. 2.)

[4] 28 U.S.C. § 1915(e)(2)(B)(ii).

[5] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007); *see also* Fed. R. Civ. P. 12(b)(6).

[6] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[7] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[10] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

Because Mr. Sorenson is representing himself (proceeding without an attorney), his filings are liberally construed.[11] But he still must follow the procedural rules.[12] For instance, he must allege "sufficient facts on which a recognized legal claim could be based."[13] Simply put, courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[14]

## BACKGROUND

Mr. Sorenson filed a form civil rights complaint, checking boxes indicating he is bringing a *Bivens*[15] claim and a civil rights claim under 42 U.S.C. § 1983 against all defendants.[16] He names a number of defendants, including Dustin Hall, "La Quinta Inn & Suites," Rick Strader, Tralynn Simon, Natinel Urachaga, "Office Fritz," Cherie Lyndsie,

---

[11] *Hall*, 935 F.2d at 1110.

[12] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[13] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[14] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[15] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[16] (Compl., Doc. No. 1 at 3.) Page references are to the CM/ECF pagination.

Shantel Lyndsie, and Mike Sorenson.[17] But the allegations supporting Mr. Sorenson's claims are mostly unintelligible.

At core, Mr. Sorenson seems concerned about an inheritance he believes he is entitled to. He alleges the defendants "stole [him] adopted [him] and robbed [him] and killed [him] in the system so they could have [his inheritance] from Kay Sorenson."[18] And they lied to him "about [his] real parents and [used his] children as a means of stealing" the inheritance.[19] Mr. Sorenson contends these events spanned from 1974 to 2026—and "the seal on [his] name" will reveal the truth.[20] He also refers generally to police misconduct, abuse of authority, "[d]igital [d]iscrimination in [h]iring," and kidnapping, as grounds for his § 1983 claims.[21] Although he mentions an email,[22] Mr. Sorenson did not file any exhibits with his complaint to provide additional context. As relief, Mr. Sorenson "wants [his] money" and $2,000,000 in damages.[23]

## ANALYSIS

Because Mr. Sorenson does not state a claim, he will be given a chance to amend his complaint.

---

[17] (*Id.* at 1–3, 6.)

[18] (*Id.* at 4.)

[19] (*Id.* at 3.)

[20] (*Id.* at 4.)

[21] (*Id.* at 3.)

[22] (*Id.* at 4.)

[23] (*Id.* at 5; Civil Cover Sheet, Doc. No. 1-1.)

Even construing his complaint liberally, it is difficult to discern what claims Mr. Sorenson brings or to understand the underlying facts supporting any claim. Mr. Sorenson makes cryptic allegations dating back to 1974.[24] He generally alleges unnamed perpetrators took his inheritance and, at some point, harmed him through police misconduct, abuse of authority, "[d]igital [d]iscrimination in [h]iring," and kidnapping.[25] Despite the potential of claims based on these alleged harms, the complaint lacks supporting factual detail. It is impossible to decipher how or when anyone caused these injuries, or what the precise injuries were.[26]

Mr. Sorenson also fails to state a claim because he has not alleged facts showing the defendants fall under *Bivens* or 42 U.S.C. § 1983. *Bivens* and § 1983 provide recovery mechanisms for violations of federal rights in certain circumstances.[27] But for a *Bivens* claim, Mr. Sorenson would need allege a federal official, acting in an individual capacity, violated his rights.[28] And for a § 1983 claim, Mr. Sorenson would

---

[24] (Compl., Doc. No. 1 at 4.)

[25] (*Id.* at 3–4.)

[26] *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

[27] *See Chapoose v. Hodel*, 831 F.2d 931, 935 (10th Cir. 1987); *Watson v. Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

[28] *See Chapoose*, 831 F.2d at 935 ("A *Bivens* action seeks to impose personal liability and damages on a federal official for the violation of a constitutional right." (citation omitted)); *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("A *Bivens* claim can be brought only against federal officials in their individual capacities.").

need to allege a person "acting under color of state law" violated his federal rights.[29] He has not done this. Even as to "Office Fritz" (presumably, Officer Fritz), it is unclear whether he was a state or federal government official. It is equally unclear how Officer Fritz, or any other defendant, acted in violation of Mr. Sorenson's rights.[30]

Finally, on the civil cover sheet submitted with his complaint, Mr. Sorenson checked a box indicating he is bringing an insurance contract claim.[31] But Mr. Sorenson does not clarify this claim in his complaint—or otherwise provide any legal or factual basis for it.[32] To the contrary, the complaint contains no reference to insurance.

For these reasons, the complaint is subject to dismissal.[33] Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile

---

[29] *See Watson*, 857 F.2d at 694 ("To establish a cause of action under [§] 1983, a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law.").

[30] *See Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) ("[I]t is incumbent upon a plaintiff to 'identify specific actions taken by particular defendants' in order to make out a viable § 1983 or *Bivens* claim." (citing *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998); *Nasious*, 492 F.3d at 1163 ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

[31] (*See* Civil Cover Sheet, Doc. No. 1-1.)

[32] *See Cordero v. Froats*, No. 13-031, 2016 U.S. Dist. LEXIS 144976, at *4 (D.N.M. Oct. 19, 2016) (unpublished) ("The civil cover sheet is an administrative aid to the court clerk and is not typically considered to be part of a party's pleading." (citing *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989))).

[33] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

to give him an opportunity to amend."[34] Accordingly, Mr. Sorenson will be given an opportunity to amend his complaint.

## CONCLUSION

1. Mr. Sorenson may file an amended complaint by **November 11, 2026**. The words "Amended Complaint" should appear in the caption of the document.

2. Mr. Sorenson is advised that an amended complaint will completely replace all prior versions of the complaint. Claims which are not realleged in the amended complaint will be deemed abandoned.[35]

3. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Rule 3-2(b) of the Local Rules of Civil Practice.[36]

[34] *Kay*, 500 F.3d at 1217 (citation omitted).

[35] *See Tufaro v. Okla. ex rel. Bd. of Regents of the Univ. of Okla.*, 107 F.4th 1121, 1137 (10th Cir. 2024) ("An amended complaint supersedes a prior complaint and renders it of no legal effect. Failing to replead a claim, when given leave to do so, ordinarily constitutes abandonment when an amended complaint is filed." (citation modified)).

[36] *See* DUCivR 3-2(b), available at https://www.utd.uscourts.gov/sites/utd/files/Civil%20Rules%20Final%202025.pdf [https://perma.cc/P5J9-A9YV].

4. The court again temporarily grants the motion to waive the filing fee[37] pending screening of the amended complaint, if any is filed.

5. Failure to file an amended complaint may result in dismissal of this action.

DATED this 21st day of October, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

[37] (Doc. No. 2.)